UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE A. RUFFIN | CIVIL ACTION |
| VERSUS | NO. 19-10378 |
| JERRY LARPENTER, SHERIFF OF TERREBONNE PARISH, ET AL. | SECTION: "I"(3) |

### REPORT AND RECOMMENDATION

Plaintiff, Lee A. Ruffin, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued Terrebonne Parish Sheriff Jerry Larpenter, Terrebonne Parish President Gordon Dove, and Terrebonne Parish Criminal Justice Complex Warden Steve Bergeron. In this lawsuit, plaintiff challenges the conditions of his confinement.

### I.  Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

## **II.  Plaintiff's Claims**

Plaintiff filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Here, plaintiff claims that the conditions of his confinement at the Terrebonne Parish Criminal Justice Complex are unconstitutional.  Specifically, his claim is stated as follows (with no alternations to spelling, punctuation, or grammar):

> During my incarsaration over the pasted several months I have been exposed to hazardous & toxic conditions caused by but not limited to black mold on and around air vents inside air ducks shower walls and derins floors and crawl spaces and pipe chases where toxic bacteria can grow.
> Due to the lack of maintaince to the air filtration system and duck works and surfaces to prevent and or detect any toxic/hazardous bacterias.
> Shows a lack of proper maintaince and negligence on the Parish is responsibility.
> Lack of training/education shown by the security staff to have the ability to identify or prevent hazardous conditions or circumstances in regards to black mold, unsanitary conditions on shower walls, floors air vents ect.[3]

---

[2] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 1, pp. 6-7.

3

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.

Courts have consistently held that the type of physical conditions plaintiff alleges are nothing more than *de minimis* inconveniences that do not constitute "punishment" or otherwise rise to the level of constitutional violations. See, e.g., Heaton v. Normand, Civ. Action No. 17-405, 2017 WL 3268341, at *4 (E.D. La. June 22, 2017) ("[T]he jurisprudence has repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional."), adopted, 2017 WL 3252813 (E.D. La. July 31, 2017); Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015) ("[T]he mere fact that fungus, mold, mildew, and rust are present [in a jail] does not warrant relief."); Eaton v. Magee, Civ. Action No. 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); Barnett v. Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (holding that allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Reynolds v. Newcomer, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (finding that plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were nothing more than "a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks

omitted)); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

Clearly, there is a point beyond which a jail's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (holding that confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, while a jail should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Plaintiff's allegations, even if accepted as true, fail to cross the impermissible line that separates the unpleasant from the unconstitutional.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-eighth day of May, 2019.

                                                  **DANA M. DOUGLAS**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[4] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.